1  **BOUTIN GIBSON DI GIUSTO HODELL INC.**
   Robert D. Swanson SBN 162816
2  555 Capitol Mall, Suite 1500
   Sacramento, CA 95814-4603
3  Telephone: (916) 321-4444
   Facsimile: (916) 441-7597
4
   Attorneys for Defendants Dalecon, Inc.
5  and Ronald Henry Stickney

6

7                    **UNITED STATES DISTRICT COURT**

8                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GIL CROSTHWAITE, RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; OPERATING ENGINEERS VACATION AND HOLIDAY PLAN; OPERATING ENGINEERS CONTRACT ADMINISTRATION TRUST FUND; OPERATING ENGINEERS MARKET PRESERVATION TRUST FUND; OPERATING ENGINEERS INDUSTRY STABILIZATION TRUST FUND; BUSINESS DEVELOPMENT TRUST FUND; AND HEAVY AND HIGHWAY COMMITTEE,<br><br>              Plaintiff,<br>    vs.<br><br>DALECON, INC., a California Corporation, and RONALD HENRY STICKNEY, an Individual,<br>              Defendants. | **Case No.: C075192**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br><br><br><br><br>**Date Action Filed: October 10, 2007**<br>**Trial Date: Not Yet Set** |

-1-

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

123971.1

Defendants Dalecon, Inc. and Ronald Henry Stickney answer plaintiffs' complaint ("complaint") as follows:

PARTIES

1. With respect to paragraph 1 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny them.

2. With respect to paragraph 2 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny them.

3. With respect to paragraph 3 of the plaintiffs' complaint, Dalecon, Inc. ("Dalecon") admits that it is an employer. Defendants deny the remaining allegations of this paragraph.

JURISDICTION

4. With respect to paragraph 4 of plaintiffs' complaint, defendants admit that ERISA provides that district courts have jurisdiction over certain actions. With respect to the remainder of plaintiffs' claims, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 4 of the plaintiffs' complaint and therefore deny them.

5. With respect to paragraph 5 of plaintiffs' complaint, defendants admit that the LMRA provides that district courts have jurisdiction over certain actions. With respect to the remainder of plaintiffs' claims, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 5 of the plaintiffs' complaint and therefore deny them.

6. Defendants deny the allegations contained in paragraph 6 of the plaintiffs' complaint.

VENUE

7. Defendants deny the allegations contained in paragraph 7 of the plaintiffs' complaint.

8. Defendants deny the allegations contained in paragraph 8 of the plaintiffs' complaint.

## INTRADISTRICT ASSIGNMENT

9. Defendants deny the allegations contained in paragraph 9 of the plaintiffs' complaint.

## BARGAINING AGREEMENT

10. With respect to paragraph 10 of the plaintiffs' complaint, Dalecon admits that it entered into a collective bargaining agreement with the Union and that the terms of that agreement speak for themselves. Defendants deny the remaining allegations in paragraph 10.

11. With respect to paragraph 11 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny them.

12. Defendants deny the allegations contained in paragraph 12 of the plaintiffs' complaint.

13. Dalecon admits that it entered into a bargaining agreement with the Union and that the terms of the agreement speak for themselves. Defendants deny the remaining allegations in paragraph 13.

## FACTS

14. Defendants deny the allegations contained in paragraph 14 of the plaintiffs' complaint.

15. With respect to the first sentence of paragraph 15 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny them. Defendants deny the remaining allegations in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16 of the plaintiffs' complaint.

17. Dalecon admits that it entered into a bargaining agreement with the Union and that the terms of the agreement speak for themselves. Defendants deny the remaining allegations contained in paragraph 17.

18. With respect to the first and second sentences of paragraph 18 of the plaintiffs' complaint, defendants deny the allegations therein. With respect to the third sentence of paragraph 18 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny them. Defendants deny the remaining allegations in paragraph 18.

19. With respect to paragraph 19 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny them.

20. With respect to the first sentence of paragraph 20 of the plaintiffs' complaint, defendants are without knowledge or information sufficient to form a belief as to these allegations and therefore deny them. Defendants deny the remaining allegations in paragraph 20.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

21. Each of plaintiffs' causes of action fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

22. Venue is improper in this district. The defendants do not reside in this district. No substantial part of the alleged events or omissions giving rise to the claims in the complaint took place in this district.

### THIRD AFFIRMATIVE DEFENSE

23. Venue in this district is inconvenient.

### FOURTH AFFIRMATIVE DEFENSE

24. On information and belief, plaintiffs' complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

25. On information and belief, plaintiffs' claims are barred by estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

26. On information and belief, plaintiffs do not have standing to bring their claims.

### SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiffs may not obtain remedies not authorized by ERISA.

### EIGHTH AFFIRMATIVE DEFENSE

28. On information and belief, plaintiffs failed to exhaust administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

29. On information and belief, plaintiffs' claims are barred by applicable statutes of limitation, including but not limited to those contained in ERISA and the provisions of the California Code of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

30. On information and belief, plaintiffs failed to join parties needed for just adjudication of their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

31. On information and belief, plaintiffs failed to properly or adequately mitigate their damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

32. On information and belief, plaintiffs are barred from recovering any damages or other relief by reason of the lack of consideration that defeats the effectiveness of any contract between the parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

33. The injury or damage suffered by plaintiffs, if any, would be adequately compensated in an action at law for damages. Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

Defendants request judgment on plaintiffs' complaint as follows:

1. That plaintiffs take nothing by their complaint;
2. For defendants' reasonable attorneys' fees;
3. For defendants' costs; and
4. For other proper relief.

Dated: November 29, 2007			BOUTIN GIBSON DI GIUSTO HODELL INC.

By:   /s/ Robert D. Swanson
　　　Robert D. Swanson
　　　Attorneys for Defendants Dalecon, Inc.
　　　and Ronald Henry Stickney